UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| COMPUCREDIT HOLDINGS CORP., | Civil No. 10-1213 (JRT/JJK) |
| Plaintiff, | |
| v. | |
| AKANTHOS CAPITAL MANAGEMENT, LLC; ARIA OPPORTUNITY FUND LTD.; AQR ABSOLUTE RETURN MASTER ACCOUNT, L.P.; CC ARBITRAGE, LTD.; CNH CA MASTER ACCOUNT, L.P.; GALILEO PARTNERS FUND I, L.P.; GLG INVESTMENTS PLC: SUB-FUND GLG GLOBAL CONVERTIBLE UCITS FUND; GLG INVESTMENTS IV PLC: SUB-FUND GLG GLOBAL CONVERTIBLE UCITS (DISTRIBUTING) FUND; GLG GLOBAL CONVERTIBLE FUND PLC; GLG MARKET NEUTRAL FUND; HIGHBRIDGE INTERNATIONAL LLC; KAMUNTING STREET MASTER FUND, LTD.; KBC FINANCIAL PRODUCTS (CAYMAN ISLANDS) LTD.; KINGSTOWN PARTNERS, L.P.; PANDORA SELECT ADVISORS, LLC; PARSOON OPPORTUNITY FUND LTD.; TENOR OPPORTUNITY MASTER FUND, LTD.; WHITEBOX ADVISORS, LLC; WHITEBOX COMBINED ADVISORS, LLC; WHITEBOX CONVERTIBLE ARBITRAGE ADVISORS, LLC; AND WHITEBOX HEDGED HIGH YIELD ADVISORS, LLC, | **MEMORANDUM OPINION AND ORDER TRANSFERING VENUE** |
| Defendants. | |

Christopher W. Madel and K. Craig Wildfang, **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402-2015, for plaintiff.

Jeff I. Ross, **ROSS & ORENSTEIN LLC**, 222 South Ninth Street, Suite 470, Minneapolis, MN 55402, for defendant.

The question before the Court is whether exercising jurisdiction over a lawsuit filed in Minnesota, while the same parties are currently involved in litigation in the United States District Court for the Northern District of Georgia after a venue change, is proper. The Court ordered the parties to submit simultaneous supplemental briefing on the issues of jurisdiction under Federal Rule of Civil Procedure 13(a), compulsory counter claims, and the doctrine of abstention, as outlined in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Mo. ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001). Both parties have responded. For the reasons set forth below, the Court transfers venue to the Northern District of Georgia.

## BACKGROUND

The defendants in this litigation (collectively, "Noteholders") were plaintiffs in an earlier action brought in the District of Minnesota against CompuCredit Holdings Corporation ("CompuCredit"), who is the plaintiff in this action. *Akanthos Capital Mgmt., LLC et al. v. CompuCredit Holdings Corp.*, Case No. 09-cv-3664 (D. Minn. Dec. 21, 2009) (hereinafter, the "Georgia litigation"). In that litigation, CompuCredit moved for a transfer of venue under 28 U.S.C. § 1404(a), citing expense and the convenience of the parties. The Court granted the request for a change of venue to the Northern District of Georgia.

Within weeks of the transfer, CompuCredit filed suit in Minnesota alleging antitrust violations (the "Minnesota litigation"). (Docket No. 1.) The allegations in the Minnesota litigation are closely related to the issues in the Georgia litigation. For example, Noteholders' complaint in the Georgia litigation alleges that on December 3, 2009, CompuCredit announced a plan to give away $24 million and spin off a profitable subsidiary primarily to insiders. (Compl. ¶21–26, Docket No. 1). This announcement resulted in a dramatic drop in the trading prices of CompuCredit notes. After the drop in prices, CompuCredit initiated a tender offer for the notes at the lower prices. Noteholders boycotted this tender offer, which is a key fact in CompuCredit's antitrust claims in the Minnesota litigation. (*Id.*) Noteholders initiated the Georgia litigation to try to protect the value of their shares and were required to enter into settlement negotiations with CompuCredit, portions of which are now a part of the allegations of conspiracy in the Minnesota litigation. (*Id.* ¶78–79.)

## DISCUSSION

"[A] district court should . . . consider[] abstaining from exercising jurisdiction in [a] case where a parallel . . . lawsuit is pending. Th[e] court may raise the issue of the appropriateness of abstention sua sponte." *Cincinnati Indem. Co. v. A & K Const. Co.*, 542 F.3d 623, 624-25 (8th Cir. 2008) (discussing abstention in a case involving parallel federal and state claims) (internal citations omitted). Courts in other jurisdictions have similarly noted that federal courts should avoid duplicitous litigation ongoing in

other federal courts, particularly when potentially compulsory counterclaims are involved. *Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 46 (2d Cir. 1961).

Further, 28 U.S.C. § 1404(a),[1] the general transfer provision, provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In analyzing a motion to transfer under § 1404(a), a district court employs a three-factor balancing test that considers "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l Inc. v. Miss. Chem. Corp.,* 119 F.3d 688, 691 (8th Cir. 1997). These factors are not exclusive, and a district court's decision on a motion to transfer "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* Ultimately, a district court enjoys "much discretion" when deciding whether to grant a motion to transfer. *Id.* at 697. *See also Cent. Reg'l Emps. Benefit Fund v. SmithKline Beecham Corp.*, No. 09-2125, 2010 WL 3515693, at *1 (D. Minn. Aug. 21, 2010).

In the instant case, the Court finds that the relevant factors to the decision to transfer venue are whether the issues raised in the Minnesota litigation could be considered compulsory counterclaims and whether the *Colorado River* doctrine of abstention is implicated.

---

[1] Under Section 1404(a), a court must first determine whether the action "might have been brought" in the proposed transferee district. However, given that the Minnesota District Court previously reached this conclusion with regard to the same parties and over intrinsically similar factual allegations, this Court does not repeat this analysis. Hr'g on Mot. to Change Venue, *Akanthos Capital Mgmt., LLC et al.*, Case No. 09-cv-3664 (D. Minn. Mar. 19, 2010).

## I. Venue Considerations

In the Georgia litigation, the Court found that venue transfer was warranted primarily for the expense and convenience of the parties. Regarding the first factor of the balancing test, the Court noted that all of the parties are corporations, more than two-thirds of whom have no ties to Minnesota at all. Hr'g on Mot. to Change Venue at 34:19-20 (Docket No. 81), *Akanthos Capital Mgmt., LLC et al.*, No. 09-cv-3664 (D. Minn. Mar. 19, 2010). Further, Noteholders claimed CompuCredit was insolvent, so the Court found that none of the parties would be served by the increased expense of litigating in Minnesota as opposed to Georgia, where CompuCredit is located. *Id.* at 34:15–20. Regarding the second factor, the Court also noted that the primary witnesses in the case were located in Georgia and that no fact witnesses were located in Minnesota. *Id.* at 35:18–36:6.

Finally, on the third factor, the Court noted the considerations for evaluating the interests of justice are "the relative familiarity of the two courts with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, the plaintiff's choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgment." *Id.* at 36:7-17 (citing *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1122 (D. Minn. 1999)). The Court determined the last consideration was not relevant and the others either carried no weight or were equally balanced, with the exception of the ability to bear the costs of the litigation. *Id.* at 36:18–

39:4. Again, the Court cited CompuCredit's potential insolvency as determinative on this point. *Id.*

The Court finds that the earlier determination on these three factors is applicable to the instant litigation since the parties are the same and the issues to be litigated revolve around the same factual scenarios. The Court notes that the instant litigation presents further issues related to judicial economy and the interests of justice that support a transfer of venue that were not present in the Georgia litigation: the potential of compulsory counterclaims and *Colorado River* concerns of duplicative litigation.

## II.   Compulsory Counterclaims

While a claim that could be a compulsory counterclaim in a different litigation does not necessarily make venue improper, courts have noted that when "[t]here undoubtedly are judicial economy and preclusion issues involved . . . the availability of a counterclaim in [another court] is a factor to consider in determining whether to transfer the case pursuant to 28 U.S.C. § 1404(a)." *Jomico, LLC v. Traxys N. Am., LLC*, No. 09-342, 2010 WL 2640100, at *4 (E.D. Okla. June 29, 2010) (emphasis omitted). Without determining precisely if claims were compulsory counterclaims, other courts have transferred cases to districts with pending litigation in part because "[e]ven if the cases are not ultimately consolidated, having the matters resolved in the same forum will increase the probability of consistent results." *Neb. Beef, Ltd. v. Advanced Food Co., Inc.*, No. 8:09CV107, 2009 WL 2225816, at *3 (D. Neb. July 17, 2009); *see also Avaya, Inc. v. Mitel Networks Corp.*, 460 F. Supp. 2d 690, 692 (E.D. Va. 2006).

The Federal Rules of Civil Procedure state:

A pleading must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim:

**(A)** arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

**(B)** does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).

The allegations in the Minnesota litigation are factually intertwined with the claims asserted in the Georgia litigation. Indeed, one portion of the instant motion concerns settlement negotiations that occurred in the Georgia litigation prior to the venue transfer. The Eighth Circuit applies the "logical relation test" to determine if a counterclaim is mandatory. *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990). Under that test, compulsory counterclaims "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their **logical relationship**." *Id.* (citing *Moore v. N. Y. Cotton Exch.,* 270 U.S. 593, 610 (1926)).

Under this test, the allegations in this complaint are logically related to those in the Georgia litigation since they are the reactions of two parties to each other's actions around the sale of the notes at issue. In this manner, the two lawsuits are intrinsically intertwined. The Court declines to determine whether the claims in the Minnesota litigation are actually compulsory counterclaims – this determination properly belongs with the court hearing the underlying claims. However, the Court finds that the

probability that the Minnesota claims are compulsory in the Georgia litigation weighs in favor of transferring venue in the interests of justice.

## III.    *Colorado River*

The Supreme Court has noted that when an action in federal court is closely related to an action already pending in state court, prudential factors should be considered when deciding whether to exercise federal jurisdiction.  *Colo. River*, 424 U.S. at 817-20.  The principle of avoiding duplicative litigation is even stronger with regard to parallel proceedings in two federal courts.  *Id.* at 817; *see also Mo. ex rel. Nixon*, 259 F.3d at 952-53.  When faced with duplicative litigation, a court has at its disposal a "variety of mechanisms . . . to deal with this issue [such as] venue transfer . . . ."  *Mastro v. Momot*, No. 09-01076, 2009 WL 1993772, at *2 (D. Ariz. July 9, 2009); *see also Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp 1476, 1482 (N.D. Ga. 1992) ("Where exceptional circumstances, grounded on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, exist, a district court may decline to review a case where proper jurisdiction exists or transfer the case to a more appropriate venue." (internal quotation marks omitted) (citing *Colorado River*, 424 U.S. at 817)).  Given identical parties and the similarity of issues presented in the instant case, the Court finds that the *Colorado River* principle of avoiding duplicative litigation is a relevant factor in the interests of justice weighing in favor of venue transfer.

In sum, the Court determines that the convenience of the parties and witnesses weighs in favor of venue transfer.  Further, for the interests of justice, the purpose of

judicial economy, and to avoid potentially duplicitous proceedings with contradictory outcomes, the Court transfers venue for the instant case to United States District Court for the Northern District of Georgia through its discretionary power under 28 U.S.C. § 1404(a).

**ORDER**

Based on the above considerations, **IT IS HEREBY ORDERED** that this case is transferred to the United States District Court for the Northern District of Georgia.

DATED: January 14, 2011  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge